IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jody P. Bender, | Case No. 3:17 CV 2709 |
| Plaintiff, | ORDER ADOPTING R&R |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jody Bender filed a Complaint (Doc. 1) against Defendant Commissioner of Social Security in December 2017. Earlier that year, an administrative law judge denied Bender's claim for disability benefits (Doc. 12 at 131). The Social Security Administration declined to review the denial (*id.* at 6). The Complaint asks this Court to vacate or reverse the administrative law judge's decision.

Under Local Civil Rule 72.2(b)(1), the Complaint was automatically referred to Magistrate Judge George Limbert. Both parties filed briefs on the merits (Docs. 14, 17, 19), and Judge Limbert issued a Report and Recommendation (R&R) (Doc. 20). The R&R concludes that the administrative law judge failed to properly apply the "treating physician rule" applicable in disability benefits determinations (*id.* at 26). On that basis, the R&R recommends that this Court vacate the denial of benefits and remand the case for further proceedings (*id.* at 33–34).

This Court reviews *de novo* any portions of an R&R to which a party timely objects. 28 U.S.C. § 636(b)(1). Failure to timely object, however, waives district and appellate court review of the R&R. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). This waiver rule applies only if the magistrate judge notifies the parties

that failure to object results in waiver, *see Walters*, 638 F.2d at 950, and it has few exceptions, *see Vanwinkle v. United States*, 645 F.3d 365, 371 (6th Cir. 2011) (prevailing party exception); *United States v. 1184 Drycreek*, 174 F.3d 720, 725–26 (6th Cir. 1999) (miscarriage of justice exception).

The R&R notified the parties that failure to object would result in waiver (Doc. 20 at 34). Neither party has objected, and the deadline for objections has passed. This Court therefore adopts the R&R (Doc. 20) in its entirety. The denial of Bender's application for disability benefits is vacated, and the application is remanded for further proceedings consistent with the R&R. *See* 42 U.S.C. § 405(g). Furthermore, this Court certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 13, 2019